IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00169-GPG-NRN

EZEKEIAL ALIREZ,

Plaintiff,

v.

UNIVERISTY OF NORTHERN COLORADO;
ANDREW FEINSTEIN, individually and in his official capacity as President of University of Northern Colorado with the UNIVERISTY OF NORTHERN COLORADO,
CEDRICK HOWARD individually and in his official capacity as Vice President for Student Affairs and Enrollment Services with the UNIVERISTY OF NORTHERN COLORADO,
LARRY LOFTEN, individually and in his official capacity as Title IX Investigator and Equity Officer with the UNIVERISTY OF NORTHERN COLORADO,
SHANE BORAH, individually and in his official capacity as Senior Case Manager with the UNIVERISTY OF NORTHERN COLORADO
COLLEEN SONNENTAG, individually, and in her official capacity as Dean of Students, with the UNIVERSITY OF NORTHERN COLORADO,

Defendants.

---

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Gordon P. Gallagher on May 4, 2023. (Dkt. #29.)

## BACKGROUND

Plaintiff initially brought this suit through counsel on January 19, 2023. (Dkt. #1.) His counsel moved to withdraw on February 24, 2023. (Dkt. #15.) The Court granted the motion and informed Plaintiff, who now proceeds pro se, of his obligation to comply with

all applicable rules including the Federal Rules of Civil Procedure and the Local Rules of this Court, and warned him that a failure to do so may result in the dismissal of the case. (*See* Dkt. #16.)

On April 5, 2023, Defendants filed a Motion for Status Conference (Dkt. #20), in which defense counsel stated that Plaintiff sent her an email expressing, in equivocal terms, that he no longer wished to pursue litigation. The Court granted the motion the same day and set a telephonic Status Conference for April 13, 2023 (Dkt. #21). The Minute Order setting the Status Conference was mailed to Plaintiff.

Plaintiff did not appear at the Status Conference. Defense counsel stated that Plaintiff had stopped communicating with her in late March. Noting that Plaintiff did not appear motivated to prosecute his case, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, and set a Show Cause Hearing for May 4, 2023. (*See* Dkt. #25.) The Order to Show Cause stated, "**Plaintiff is hereby expressly warned that a failure to appear will result in dismissal of this case without prejudice.**" (*Id.* at 3 (emphasis in original).) The Order to Show Cause was mailed to Plaintiff.

Plaintiff did not appear at the Show Cause Hearing. (*See* Dkt. #27.) The case cannot proceed without his involvement.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

## ANALYSIS

In *Ehrenhaus v. Reynolds*, the Tenth Circuit set forth the factors to be considered when evaluating grounds for dismissal of an action under Rule 37: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir.1992) (internal

3

quotations and citations omitted); *see also Peters v. Bank of Am.*, No. 10-cv-01382-WJM-MJW, 2011 WL 1045297, at *3 (D. Colo. Mar. 21, 2011)). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

First, the Court finds that Plaintiff's neglect of this case has prejudiced Defendants. Defendants have appeared and are apparently willing to defend this case. They expended time and resources attempting to communicate with Plaintiff and attending the April 13, 2023 Status Conference and the May 4, 2023 Show Cause Hearing. Plaintiff has stopped communicating with Defendants and has failed to attend Court proceedings. It would further waste Defendants' time and resources to require them to continue to defend this action when it appears that Plaintiff has no interest in prosecuting it.

Second, the Court finds that Plaintiff's failure to prosecute his case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003). Plaintiff's failure to comply with the Court's orders to participate in this case and follow the Federal Rules of Civil Procedure, and his failure to respond to the Order to Show Cause demonstrate a lack of respect for the judicial process. Further, "Plaintiff's actions increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues." *Peters*, 2011 WL 1045297, at *3.

Third, the Court finds that Plaintiff's conduct is culpable. Defendants have tried to communicate with Plaintiff to no avail. Orders from this Court have been mailed to Plaintiff at the mailing address provided. The Order to Show Cause was also served on Plaintiff via email. No correspondence has been returned undelivered, so the Court assumes he has received them—he has just chosen to ignore them. This suggests that Plaintiff lack of participation in this lawsuit is willful.

Fourth, as previously set forth, the Court advised Plaintiff of his obligations in its February 16, 2023 Minute Order. (Dkt. #16.) It also warned him in writing that a failure to respond to the Order to Show Cause would result in the dismissal of his case. Plaintiff cannot be surprised that its case could be dismissed for failure to prosecute and obey court orders.

Finally, the Court concludes that no sanction less than dismissal would be effective.

## RECOMMENDATION

For the reasons set forth above, it is hereby **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE.**

Dated: May 5, 2023
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge